UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIANA LINDERMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:13-CV-246-RLM-APR |
| | ) |
| MT. OLYMPUS ENTERPRISES, INC., | ) |
| MT. OLYMPUS RESORTS, LLC, | ) |
| D/B/A "THE MOUNT OLYMPUS | ) |
| WATER AND THEME PARK," A/K/A | ) |
| "MT. OLYMPUS RESORT," THE | ) |
| GRAVITY GROUP, LLC, AND | ) |
| PHILADELPHIA TOBOGGAN | ) |
| COASTERS, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

OPINION and ORDER

This matter is before the court on the motions of defendants Mt. Olympus Enterprises, Inc., Mt. Olympus Resorts, LLC, d/b/a "The Mount Olympus Water and Theme Park," a/k/a "Mt. Olympus Resort," and The Gravity Group, LLC to dismiss plaintiff Diana Linderman's complaint for lack of personal jurisdiction. Alternatively, Mt. Olympus Resorts, LLC moves for dismissal for failure to state a claim upon which relief may be granted. The deadline for Ms. Linderman to respond to the motions has since passed, but Ms. Linderman didn't respond and didn't ask for an extension of time within which to respond. As a result, the defendants moved for summary ruling on their motions to dismiss pursuant to Local Rule 7-1(d)(4).

## I. BACKGROUND

Ms. Linderman visited the Mount Olympus Water and Theme park in Wisconsin Dells, Wisconsin on June 18, 2011. Ms. Linderman claims that she rode the Hades wooden rollercoaster and sustained injuries. In June 2013, she filed suit against the defendants in Lake Superior Court in Crown Point, Indiana. Ms. Linderman alleges that her injuries resulted from the negligence of Mt. Olympus Enterprises, Inc. and Mt. Olympus Resorts, LLC and asserts a claim of strict products liability against The Gravity Group, LLC and Philadelphia Toboggan Coasters, Inc.

Mt. Olympus Enterprises, Inc. and Mt. Olympus Resorts, LLC, with The Gravity Group, LLC's consent, timely removed the suit to federal court based on diversity jurisdiction, 28 U.S.C. § 1332. Ms. Linderman is a citizen of Indiana. Mt. Olympus Enterprises, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Mt. Olympus Resorts, LLC is a Wisconsin limited liability company, with its principal place of business in Wisconsin, and its members, Family Land, Inc., Mt. Olympus Enterprises, Inc., and DNL of Wisconsin, LLC, are citizens of Wisconsin. The Gravity Group, LLC is an Ohio limited liability company, with its principal place of business in Ohio, and its members, Lawrence R. Bill, Chad M. Miller, Korey T. Kiepert, and Michael A. Graham, are citizens of Ohio. Ms. Linderman and the defendants are citizens of different states, and a reasonable probability exists that damages for Ms. Linderman's alleged spinal fractures and soft tissue injuries exceed $75,000. To date, Ms. Linderman hasn't successfully served the

summons and complaint on Philadelphia Toboggan Coasters, Inc. After removal, the defendants filed motions to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) places the burden on the plaintiff to make a prima facie showing of jurisdictional facts that establish personal jurisdiction. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). The court accepts all well-pleaded facts alleged in the complaint as true. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). The court can receive and weigh affidavits to determine whether it has personal jurisdiction, Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983), but the court must resolve any factual disputes in the plaintiff's favor. Tamburo v. Dworkin, 601 F.3d at 700.

## III. PERSONAL JURISDICTION

"A federal court has personal jurisdiction over [a nonresident defendant] in a diversity action only if a court in the state in which the federal court is sitting would have jurisdiction." Nelson v. Park Indus., Inc., 717 F.2d at 1123; *accord* Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003). The court must examine whether the forum state's long-arm statute reaches the defendant and whether the exercise of jurisdiction over the defendant would violate federal due process. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d at 779. The Indiana long-arm statute

extends jurisdiction to the limits allowed under the United States Constitution, Indiana Trial Rule 4.4(A), so the state statutory and federal constitutional inquiries merge into the question of whether this court's exercise of personal jurisdiction would offend due process. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010); Zimmer, Inc. v. Elk & Elk, No. 3:11-CV-63 RM, 2011 WL 5040704, at *1 (N.D. Ind. Oct. 24, 2011).

For a court to have personal jurisdiction, due process requires that a nonresident defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Zimmer, Inc. v. Elk & Elk, No. 3:11-CV-63 RM, 2011 WL 5040704, at *1 (N.D. Ind. Oct. 24, 2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The nonresident defendant has the requisite minimum contacts with a forum state if the defendant "purposefully avail[ed] himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Personal jurisdiction can be either general (when the defendant has continuous and systemic general business contacts with the forum state) or specific (when the alleged injury arises out of the defendant's forum state related activities). uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 425-426 (7th Cir. 2010).

*Mt. Olympus Enterprises, Inc. and Mt. Olympus Resorts, LLC*

The Mt. Olympus defendants submit the affidavit of Nickolaos Laskaris, the Managing Member of Mt. Olympus Resorts, LLC and a shareholder and officer of Mt. Olympus Enterprises, Inc. Mr. Laskaris testifies that the Mt. Olympus defendants are Wisconsin citizens that own no real or personal property in Indiana, have no employees outside Wisconsin, have no offices outside Wisconsin, have no resident agents in Indiana, don't purchase television, radio, or billboard advertisements in Indiana, don't provide tickets to any Indiana radio stations as prizes or giveaways in exchange for advertisements, and don't sponsor or promote any activities involving youth sports teams in Indiana. Mr. Laskaris also contends that the Mt. Olympus defendants' interactive websites don't specifically target Indiana residents or businesses.

In sum, the Mt. Olympus defendants don't conduct business in Indiana or direct any marketing activities to Indiana residents. An interactive website that can be accessed from a state isn't sufficient in and of itself to establish general jurisdiction. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 426 (7th Cir. 2010). Accordingly, the Mt. Olympus defendants' contacts with Indiana aren't continuous and systemic. An Indiana resident was injured in Wisconsin, on a rollercoaster located in Wisconsin, and operated by employees and a company located in Wisconsin. Wisconsin has a greater interest than Indiana in determining whether a rollercoaster in Wisconsin is reasonably safe. Szakacs v. Anheuser-Busch Companies, Inc., 644 F. Supp. 1121, 1124 (N.D. Ind. 1986).

This court has neither general nor specific personal jurisdiction over the Mt. Olympus defendants.

*The Gravity Group, LLC*

The Gravity Group, LLC submits an affidavit of member/manager Korey T. Kiepert. Mr. Kiepert testifies that The Gravity Group, LLC is an Ohio limited liability corporation, with all members residing in Ohio, that doesn't maintain a physical presence in Indiana, that has no employees in Indiana, that doesn't have a registered agent in Indiana, that doesn't conduct business in Indiana, that doesn't advertise or solicit business in Indiana, and with less than one percent of its income since 2006 generated in Indiana.

In sum, the Gravity Group, LLC doesn't conduct business in Indiana or direct any marketing activities to Indiana residents. The business from Indiana that provided the less than one percent of the company's income over the past seven or eight year period isn't enough to establish regular contact with the state. *See* L.H. Carbide Corp. v. Piece Maker Co., 852 F. Supp. 1425, 1434-1435 (N.D. Ind. 1994) (no general jurisdiction over nonresident defendant with an employee who visited Indiana customers every two to three months and whose income from those Indiana customers accounted for eight percent of its total sales for the past year). Accordingly, The Gravity Group, LLC's contacts with Indiana aren't continuous and systemic. An Indiana resident was allegedly injured on a rollercoaster designed and built by The Gravity Group, LLC and

located in Wisconsin. The alleged injury doesn't arise out of The Gravity Group, LLC's Indiana related activities, which are minimal at best. This court has neither general nor specific personal jurisdiction over The Gravity Group, LLC.

IV. Philadelphia Toboggan Coasters, Inc.

Service of process hasn't been accomplished as to Philadelphia Toboggan Coasters, Inc. Pursuant to Federal Rule of Civil Procedure 4(m), after notice to the plaintiff, the court has the discretion to dismiss an action against a defendant without prejudice if that defendant isn't served within 120 days after the complaint is filed. The complaint was filed in June 2013, and the suit was removed to federal court in July 2013. The time for service has expired.

V. Conclusion

For the forgoing reasons, the court:

(1) GRANTS the motions to dismiss for lack of personal jurisdiction and the motions for summary ruling of defendants Mt. Olympus Enterprises, Inc., Mt. Olympus Resorts, LLC, and The Gravity Group, LLC (Doc. Nos. 16, 18, 20, 21),

(2) DENIES Mt. Olympus Resorts, LLC's motion to dismiss for failure to state a claim as moot (Doc. No. 14), and

(3) GIVES the plaintiff to and including March 31, 2014 to show cause why this action shouldn't be dismissed for failure to serve defendant

Philadelphia Toboggan Coasters, Inc. in accordance with Federal Rule of Civil Procedure 4.

SO ORDERED.

ENTERED:  <u>March 14, 2014</u>

<u>    /s/ Robert L. Miller, Jr.    </u><br>
Judge<br>
United States District Court